## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROCHELLE M. WYATT,

       Appellant,

      v.

UNITED STATES POSTAL SERVICE,

      Agency.

DOCKET NUMBER
AT-0353-16-0492-X-1

DATE: February 2, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>David Champion</u>, Memphis, Tennessee, for the appellant.

<u>Luis O. Rodriguez</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chair
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**ORDER**

¶1     In a September 25, 2017 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final decision in the underlying appeal. *Wyatt v. U.S. Postal Service*, MSPB Docket No.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

AT-0353-16-0492-C-1, Compliance File, Tab 10, Compliance Initial Decision (CID). Accordingly, the administrative judge granted the appellant's petition for enforcement and again ordered the agency to pay her all appropriate back pay. CID at 2. For the reasons discussed below, we find that the agency has complied in part with the Board's final decision but remains in noncompliance to the extent it has failed to restore to the appellant all appropriate annual leave.

## BACKGROUND

¶2 In a May 11, 2017 initial decision, the administrative judge found that the agency violated the appellant's restoration rights and ordered the agency to retroactively restore her to her former assignment. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-I-1, Initial Appeal File, Tab 35, Initial Decision (ID) at 10. The administrative judge further ordered the agency to pay the appellant the appropriate amount of back pay, with interest, and to adjust her benefits with appropriate credits and deductions as required by the Postal Service regulations no later than 60 calendar days after the date of the initial decision. ID at 10-11. Finally, the administrative judge ordered the agency to inform the appellant in writing of all actions taken to comply with the Board's order. ID at 11. The initial decision became the final decision of the Board on June 15, 2017, after neither party petitioned the full Board for review. ID at 13.

¶3 The appellant, through her designated representative, petitioned for enforcement of the Board's final decision, arguing that the agency had not taken any action towards compliance. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-C-1, Compliance File (CF), Tab 1. She subsequently alleged that, although the agency restored her to her former assignment as of June 26, 2017, it had still not paid her any back pay. CF, Tab 9 at 1-2. In a September 25, 2017 compliance initial decision, the administrative judge found that the agency had not disputed that it had failed to pay the appellant as required and therefore granted her petition for enforcement. CID at 2. The administrative judge noted

that the parties disagreed as to whether the appellant was entitled to overtime pay as part of the back pay award but stated that "it appears that the agency's position that appellant is not entitled to overtime is valid[.]"  CID at 3 n.2.

¶4    On October 30, 2017, the agency filed a statement of compliance with the actions identified in the compliance initial decision pursuant to 5 C.F.R. § 1201.183(a)(6)(i), and the matter was referred to the Board for a final decision on the agency's compliance.  *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-X-1, Compliance Referral File (CRF), Tabs 1-2; *see* 5 C.F.R. § 1201.183(c).  In a November 15, 2017 response, the appellant argued that the agency's submission did not demonstrate compliance because it was inaccurate in several aspects of its back pay calculations, including the following:  (1) night differential pay; (2) Sunday premium pay; (3) holiday work hours; (4) holiday leave hours; (5) restored annual leave and sick leave hours; (6) out of schedule premium pay; (7) Thrift Savings Plan (TSP) regular and TSP Roth deposits; and (8) W-4 tax withholding request.[2]  CRF, Tab 3 at 1-2.  The appellant did not, however, provide any evidence or details in support of her assertions of inaccuracy.  *Id*.

¶5    On August 3, 2018, the Board issued an order requesting additional information from the agency.  CRF, Tab 7.  The order instructed the agency to provide a narrative statement explaining the various aspects of the back pay

---

[2] The appellant also challenged in her compliance response the administrative judge's finding that she was not entitled to overtime pay as part of her back pay award.  CRF, Tab 3.  However, pursuant to the Board's regulations, an appellant's challenges to an initial decision may be raised with the Board through a petition for review of that decision, not through a response to the noncomplying party's statement of compliance. *See* 5 C.F.R. §§ 1201.114(a)(1), 1201.183(a)(1).  Accordingly, the appellant's contentions that she is entitled overtime pay as part of her back pay award are not properly before us and will not be addressed in this compliance referral proceeding.  A separate decision dismissing as untimely filed the appellant's petition for review of the compliance initial decision was issued in MSPB Docket No. AT-0353-16-0492-C-1. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-C-1, Order (Feb. 2, 2023).

payment to ensure that the agency's evidence demonstrated full compliance. *Id*. at 1-2. The order also required the agency to include in its narrative statement a response to the appellant's claim that the back pay calculations were inaccurate. *Id*. at 2.

¶6        On August 28, 2018, the agency filed a supplemental statement of compliance, which contained the required narrative statement. CRF, Tab 10. The narrative statement explained the different portions of the appellant's back pay calculations and offered rebuttals to some of the appellant's claims of inaccuracy. *Id*. at 4-7.

¶7        On September 13 and 17, 2018, the appellant filed responses to the agency's supplemental statement of compliance. CRF, Tabs 11-12. In relevant part, the appellant repeated, again without any supporting evidence or detailed explanation, that the agency's back pay calculations were inaccurate. CRF, Tab 11 at 1-4, Tab 12 at 1.

¶8        On April 19, 2019, the Board issued another order requesting further information from the agency. CRF, Tab 13. The order instructed the agency to provide additional detail regarding two separate aspects of the appellant's back pay and benefits: (1) why the appellant's night work differential pay was reduced by 2 hours; and (2) how it calculated the amount of the appellant's restored annual leave. *Id*. at 1-2. In a May 17, 2019 response, the agency explained and provided evidence showing that the 2-hour discrepancy in the night differential pay arose out of an internal audit that revealed the appellant had already been paid those 2 hours. CRF, Tab 16 at 4, 7-16. With respect to the annual leave, the agency argued that it properly calculated the appellant's restored annual leave by multiplying her hours per pay period by the number of pay periods in her back pay period and again included exhibits in support of its argument. *Id*. at 5, 17-18.

¶9        The appellant filed a response to the agency's May 17, 2019 submission. CRF, Tab 17. The response repeated, without any new details, her claims that the agency's back pay calculations were incorrect. *Id*.

## ANALYSIS

¶10     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The agency bears the burden to prove its compliance with a Board order. *Id.* An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Id.*

¶11     Here, as described above, the administrative judge ordered the agency to retroactively restore the appellant to her former assignment and to pay her all appropriate back pay with interest and to adjust her benefits with appropriate credits and deductions in accordance with the Postal Service regulations. ID at 10-11. Although the appellant acknowledged that the agency has restored her to her former assignment, outstanding compliance issues remain regarding the agency's obligation to provide her back pay and benefits in accordance with the Postal Service regulations. CID at 3. The agency has submitted multiple pleadings containing a full accounting of the back pay, interest, and benefits paid to the appellant. The appellant has raised objections to the agency's calculations of individual components in the back pay award, each of which will be addressed in turn.

Sunday Premium Pay, Holiday Pay, and TSP Deposits

¶12     The appellant argues that her back pay did not include Sunday Premium Pay, Holiday Pay, and TSP deposits. CRF, Tab 3 at 1-2. The agency's Back Pay Report, however, reflects that all three categories of pay were included in her back pay. The Report demonstrates that 108.09 hours of Sunday Premium Pay and 12 hours of Holiday Pay were included in the back pay and that TSP funds were both withdrawn from her back pay and deposited in her TSP account. CRF,

Tab 1 at 6-10, Tab 10 at 6-7, 10. Accordingly, the appellant's claim is incorrect and does not demonstrate agency noncompliance with the Board's order.[3]

Out of Schedule Premium Pay

¶13 The appellant argues that the agency's calculation for her Out of Schedule Premium Pay was incorrect, stating that the agency originally informed her that she was entitled to 472.50 hours of Out of Schedule Premium Pay, whereas the Back Pay Report reflects only 310.01 hours of Out of Schedule Premium Pay. CRF, Tab 3 at 1-2. However, the original Form 8039 provided to the appellant, which the appellant cites in support of her claim, reflects 317.50 hours of Out of Schedule Premium Pay, which was the exact amount paid to her by the agency. CRF, Tab 10 at 6. Therefore, the appellant's claim is incorrect and does not demonstrate agency noncompliance with the Board's order.

Annual Leave

¶14 The appellant argues that the agency did not restore to her the proper amount of annual leave. CRF, Tab 3 at 1. The agency claims that the appellant initially lost annual leave for six pay periods and was then restored annual leave for six pay periods. CRF, Tab 10 at 6, Tab 16 at 5. In its May 17, 2019 response, the agency declares that "[u]nder no possible theory can Appellant sustain and/or prove that she was entitled to a bigger adjustment than the one made by the [U.S. Postal Service]." CRF, Tab 16 at 5. But the back pay period in question,

---

[3] The appellant includes in her submission a claim for 78 "holiday leave hours," a category of compensation that does not otherwise appear in her back pay records. CRF, Tab 3 at 1-2. The appellant provides no explanation as to why she believes she is entitled to this compensation as part of her back pay. *See id.* Without further detail, the appellant's claim is nothing more than an unsupported, conclusory allegation and is therefore denied. *See Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

March 19 through July 18, 2016, appears to consist of at least eight pay periods.[4] As such, the agency's math appears to be incorrect; the appellant is entitled to eight pay periods' worth of restored annual leave, not six. Thus, we find the agency noncompliant with respect to the appellant's annual leave and order the agency to restore two additional pay periods of annual leave to the appellant. The agency must submit evidence that it has restored the annual leave in accordance with this Order.

W-4 Tax Withholding

¶15    The appellant argues that the agency did not use the correct W-4 tax withholding for her back pay. CRF, Tab 3 at 2. The Board does not have jurisdiction to consider tax withholding issues, however. *See Quackenbush v. Department of Justice*, 45 M.S.P.R. 543, 544 (1990). We therefore find the agency compliant on this issue.

Night Differential Pay

¶16    The appellant argues that the agency's night differential pay total was inaccurate, stating that the agency's original night differential total was 88 hours, before being reduced to 86 hours in its final calculation. In response, the agency admits to the 2-hour reduction but explains that this reduction came as a result of an internal audit revealing that the appellant had already been paid the 2 hours in question. CRF, Tab 16 at 4. The agency has provided credible evidence confirming this explanation, and the appellant has not provided any argument showing that the agency's explanation is incorrect. CRF, Tab 16 at 7-16. Therefore, the agency has demonstrated compliance with respect to night differential pay.

---

[4] *See United States Postal Service Organization Information*, 2016 Pay Period Inclusive Dates, https://about.usps.com/postal-bulletin/2015/pb22429/html/info_001.htm (last accessed Feb. 2, 2023).

Conclusion

In sum, the agency's combined submissions show that the agency has now reached full compliance on all but one of the outstanding issues. Specifically, the agency's narrative statement and supporting documentation demonstrate that it paid the appellant the requisite amount of back pay and interest and made all appropriate adjustments to her benefits, with the exception of her annual leave, as discussed above. CRF, Tab 1 at 4-31, Tab 10 at 7, 10.

**ORDER**

Accordingly, we ORDER the agency to submit, within **30 calendar days** of the date of this Order, evidence demonstrating that it has restored an additional two pay periods of annual leave to the appellant and a narrative explanation of its efforts to reach compliance. If the agency fails to submit the required information, the Board may issue an order to show cause why sanctions should not be imposed against the responsible agency official pursuant to 5 U.S.C. § 2304(e)(2)(A) and 5 C.F.R. § 1201.183(c).

The appellant may submit a reply to the agency's evidence of compliance with this Order within **21 calendar days** of the date of service of the agency's submission. Any such reply must be limited to whether the agency timely restored to her an additional two pay periods of annual leave. If the appellant does not respond to the agency's submission within 21 days, the Board may assume that the appellant is satisfied and dismiss the petition for enforcement.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.